**UNITED STATES of America**

v.

**James H. BREWER.**

**No. H–CR–81–2(1).**

United States District Court,
E. D. Arkansas, E. D.

June 4, 1981.

George Proctor, U. S. Atty. and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

John R. Henry, Harrisburg, Ark., for defendant.

## MEMORANDUM AND ORDER

ROY, District Judge.

Defendant James H. Brewer has filed a Motion to Suppress and a Motion for Continuance. A hearing was had on the Motion to Suppress on May 27, 1981, and the Court reserved ruling on the admissibility of three allegedly counterfeit twenty-dollar bills, designated for purposes of the hearing as Government's Exhibits I and K. The Court will first address the Motion for Continuance.

This cause is set for trial to a jury on June 8, 1981. At the hearing on May 27, counsel for the defendant orally advised the Court that the defense required a continuance and subsequently filed a written Motion. The ground for seeking the continuance is that Mr. Brewer's co-defendant, Mr. Walter Sloan, was in a hospital recovering from an accident in which Mr. Brewer was also injured, though not so severely, and Brewer's counsel avers that Sloan's testimony will be adduced at Brewer's trial and that his testimony is necessary to an adequate defense for Brewer.

The Court recognizes that in order to adequately prepare a defense, Brewer's counsel will need to consult with Sloan, and the Court has been apprised by Sloan's physician that Sloan is presently in a body cast and will remain so for approximately three months from this date. Should Sloan testify at Brewer's trial, his present condition would render such testimony impractical.

Therefore, in order to allow counsel for Brewer to adequately prepare his defense of the charges against the defendant and to make it possible for a potentially important witness to be present in Court, the trial of this case is continued, to be reset at the earliest practicable date subsequent to the removal of the body cast of Walter Sloan. Counsel for Brewer is directed to be extremely diligent in maintaining contact with Sloan and his physician and to notify the Court immediately upon the removal of Sloan's body cast. Counsel is further directed, upon the removal, or imminent removal, of Sloan's body cast, to procure a statement from Sloan's physician stating the earliest date on which Sloan may be brought to trial or called as a witness.

█ The Court finds that the granting of the Motion for Continuance is necessary in order to enable defense counsel to adequately prepare for trial, to make available a potentially important witness and to afford the defendant effective representation; and that by granting this continuance, the ends of justice are served. The Court further finds that the need for such continuance outweighs the best interest of the public and the defendant in a speedy trial.

Any period of delay resulting from the granting of this continuance shall, pursuant to 18 U.S.C. § 3161(h)(3)(A), be considered as "excludable time" for purposes of computing the time within which the trial must commence under the Federal Speedy Trial Act.

As stated, *supra,* the remaining issue in the Motion to Suppress involves three allegedly counterfeit twenty-dollar bills, Government's Exhibits I and K. These three bills, which defendant seeks to exclude from evidence, were found hidden inside a folder (Government's Exhibit M), and the folder was exposed, having apparently been partially knocked from inside the briefcase (Government's Exhibit L) in which it has been placed. The car in which the folder and briefcase were found had been violently wrecked, and the occupants, as mentioned *supra,* suffered grievous injuries.

It is reasonable to infer that the bills were placed inside the folder and the folder inside the briefcase and that the impact of the crash caused the briefcase to open and partially give forth its contents, among them the folder.

In *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), the Supreme Court held that a warrantless search of an unlocked suitcase was a violation of the fourth amendment protection against unreasonable search and seizure; that a person has a reasonable expectation of privacy with regard to the contents of a suitcase. See also *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1971) and *United States v. Benson,* 631 F.2d 1336 (8th Cir. 1980). The United States, however, contends that the circumstances herein are analogous to *United States v. Neumann,* 585 F.2d 355 (8th Cir. 1978), in which the Court of Appeals for the Eighth Circuit held that there was no reasonable expectation of privacy surrounding the contents of an unsealed department store box; or *United States v. Brown,* 635 F.2d 1207 (8th Cir. 1980), in which that Court held that, under the circumstances obtaining therein, a warrantless search of a paper bag was found to be valid.

However, the District of Columbia circuit found an expectation of privacy in the contents of a paper sack to be as vigorous and worthy of protection from warrantless intrusions as the contents of a *Sanders* suitcase. That Court concluded that "*Sanders* did not establish a 'worthy container' rule encompassing bags of leather but not of paper." *United States v. Ross,* 655 F.2d 1159 (D.C.Cir. 1981).

This Court must find that the facts herein are distinguishable from those in *Neumann* and *Brown.* As pointed out in *Brown* :

The determination of whether a legitimate expectation of privacy exists with regard to a particular item or place must be made on a case-by-case basis, considering those circumstances peculiar to the case before the court. Two elements

must be present to justify the conclusion that Brown had a legitimate expectation of privacy in the paper bag: first, Brown must have a subjective expectation of privacy; and, second, Brown's expectation must, as an objective matter, be one that society is prepared to recognize as reasonable. [Citations omitted].

635 F.2d at 1211.

Brewer's subjective expectation of privacy is clearly inferred from the facts: The bills had been placed inside a folder, and the folder placed inside a briefcase. But for the wreck, it is highly unlikely that the folder would have been visible. The three bills in issue were not visible without removing the folder completely from the briefcase and opening the folder. Considering the thoroughness of the concealment of the bills, Brewer had a subjective expectation of privacy.

Objectively, Brewer's expectation of privacy is clearly one which is recognized as reasonable. *Arkansas v. Sanders, supra; United States v. Chadwick, supra; United States v. Ross, supra*; and *United States v. Benson, supra.* This Court cannot say that the partial exposure of a part of the folder due to the wreck in any way rendered Brewer's expectation of privacy unreasonable, nor did it render the warrantless search and seizure of the contents thereof reasonable.

Government's Exhibits I and K are found to be inadmissible, their seizure having been unreasonable under the requirements of the fourth amendment.

IT IS SO ORDERED.